# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 18-0230-RGA |
| KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM, FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| JOEL ROSENFELD, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 18-0260-RGA |
| KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM, FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| GEORGE W. EINHORN,                    )<br>                                                       )<br>            Plaintiff,                        )<br>                                                       )<br>      v.                                           )<br>                                                       )<br>KINDRED HEALTHCARE, INC., PHYLLIS )<br>R. YALE, BENJAMIN A. BREIER, JOEL )<br>ACKERMAN, JONATHAN D. BLUM, PAUL )<br>J. DIAZ, HEYWARD R. DONIGAN,       )<br>RICHARD GOODMAN, CHRISTOPHER T. )<br>HJELM, FRED J. KLEISNER, SHARAD )<br>MANSUKANI, M.D., and LYNN SIMON, )<br>M.D.,                                              )<br>                                                       )<br>            Defendants.                     ) | C.A. No. 18-0297-RGA |

**RESPONSE TO ORDER**

Pursuant to the Court's September 5, 2018 Order, Defendants respond below to the questions directed to them.

**The forum rule.**  Consistent with binding Third Circuit precedent, Delaware's legal rates should be the standard for determining any fee award. *See Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 706 (3d Cir. 2005) ("district courts in the Third Circuit should award attorneys [sic] fees based on the 'forum rate' rule"); *see also Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 361 (D. Del. 2015) (applying forum rate rule); *Chalumeau Power Sys. v. Alcatel-Lucent USA Inc.*, 2014 WL 5814062, at *2 (D. Del. Nov. 6, 2014) (same).  In addition, at least one other district court has applied the forum rule in a securities case. *See St. Louis Police Ret. Sys. v. Severson,* 2014 WL 3945655 (N.D. Cal. Aug. 11, 2014).

The forum rule does have two exceptions, neither of which are applicable here: "first, when the need for special expertise of counsel from a distant district is shown; and second, when local counsel are unwilling to handle the case." *Interfaith*, 426 F.3d at 705 (internal quotation marks omitted).

Delaware has multiple law firms and attorneys that can and do litigate suits challenging merger disclosures, such as these cookie-cutter class action complaints.  As noted in this Court's Order, these cases are part of the post-*Trulia* wave of suits challenging merger disclosures now being filed in federal court.  These disclosure-only suits, now brought under the Exchange Act, rely heavily on law from Delaware cases that were litigated by Delaware attorneys.

**<u>Percentage of the vote on the merge.</u>**  77.3% of the shares that actually voted, either in person or by proxy, voted in favor of the merger.  The number of shares that voted in favor of the merger constituted 59.7% of the total outstanding shares.  Counsel for Defendants is not aware of any Kindred shareholder indicating that the supplemental disclosures made in connection with these actions had any effect on how the shareholder voted its Kindred shares.  Rather, as referenced in our Opposition Brief, one large Kindred investor, Brigade Capital, which expressed opposition to the transaction from the beginning (well before the supplemental disclosures were made), repeatedly criticized the transaction publicly on the grounds that it undervalued Kindred.  It filed its own complaint and motion for a preliminary injunction in Delaware Court of Chancery, which was resolved in favor of Kindred after expedited discovery and a full preliminary injunction hearing.  Even after losing its motion, Brigade Capital continued trying to persuade other Kindred shareholders to join it in voting against the transaction.  No shareholder, however, indicated that the supplemental disclosures at issue here had any effect on its voting decision.

**<u>Analysis of disclosure cases.</u>**  Attached hereto as Exhibit 1, are charts identifying, to the best of our information, mootness fees awarded in proxy disclosures cases in Delaware Court of Chancery and U.S .District Court, filed after January 1, 2016.  Those charts show that the fees requested by plaintiffs' counsel here are substantially higher than the amounts that plaintiffs'

counsel ordinarily receives in these types of cases (nearly always an agreed-upon amount). Indeed, a recent study published in the Vanderbilt Law Review concluded that the median mootness fee plaintiffs' counsel received in 2017 in exchange for defendants making supplemental disclosures was $265,000.  Matthew D. Cain, Jill Fisch, Steven Davidoff Solomon, Randall S. Thomas, "The Shifting Tides of Merger Litigation," *Vanderbilt L. Rev.* Vol. 71:2:603, 625 (2018).  And more recently, Wolf Popper attorney Carl Stine, who filed one of the six class actions against Kindred here, commented to the press that this median amount was declining, and is now, in his experience, "generally less than $125,000."  Allison Frankel, "How many investors does it take to screw up a deal? Judge questions M&A disclosure lawsuits," *Reuters* (September 4, 2018).

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
|  | By: */s/ Jonathan A. Choa* |
| Roger A. Cooper | Matthew E. Fischer (# 3092) |
| Mark E. McDonald | Timothy R. Dudderar (# 3890) |
| Hana Choi | Jonathan A. Choa (# 5319) |
| Charity E. Lee | Jacqueline A. Rogers (# 5793) |
| CLEARY GOTTLIEB STEEN & | Hercules Plaza |
| HAMILTON LLP | P.O. Box 951 |
| One Liberty Plaza | Wilmington, DE  19899-0951 |
| New York NY 10006 | (302) 984-6000 |
| (212) 225-2283 |  |
|  | *Attorneys for Defendants* |
| Dated:  September 19, 2018 |  |