## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 18-0230-RGA |
| KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM, FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| JOEL ROSENFELD, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-0260-RGA |
| KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM, FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

|                                                                                                                                                                 |   |                        |
|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|---|------------------------|
| GEORGE W. EINHORN,                                                                                                                                               | ) |                        |
|                                                                                                                                                                 | ) |                        |
| Plaintiff,                                                                                                                                                       | ) |                        |
|                                                                                                                                                                 | ) |                        |
| v.                                                                                                                                                              | ) |                        |
|                                                                                                                                                                 | ) | C.A. No. 18-0297-RGA   |
| KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM, FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., | ) |                        |
|                                                                                                                                                                 | ) |                        |
| Defendants.                                                                                                                                                     | ) |                        |

## DEFENDANTS' RESPONSE TO ORDER DATED NOVEMBER 26, 2018

Pursuant to the Court's November 26, 2018 Oral Order (the "Order"), Defendants respond below to the Court's questions concerning Plaintiffs' analysis regarding recent disclosure litigation before this Court.

As noted in the Order, in response to a prior inquiry from the Court, Plaintiffs provided a list of 178 cases, representing 98 separate transactions, filed in the District of Delaware between January 20, 2016 and September 5, 2018 in which the plaintiffs appear to have made similar allegations to those made in the present actions (*i.e.*, allegations of violations of the Securities Exchange Act of 1934 §§ 14(a), 14(d), and/or 20(a) in connection with a merger). *See* D.I. 16 at 6-7; 16-1 (Exhibit H). At this time, Defendants have no reason to dispute that those 178 cases "are essentially an accurate picture of analogous recent disclosure litigation in this Court." *See* Order.

Plaintiffs claim that the defendants in 27 of those 98 transactions did not make corrective disclosures, representing a 27% failure rate for plaintiffs' counsel in cases of this type. *See* D.I.

16 at 7; 16-1 (Exhibit I).[1]  For the reasons below, Defendants respectfully disagree with this analysis and the assertion that 27% is an "accurate characterization of the failure rate at obtaining corrective disclosures."[2]  *See* Order.

*First*, in 15 of the cases identified in Exhibit I, the companies *did* make corrective disclosures.[3]  These transactions do not represent "failures" for plaintiffs (or their counsel) at all.

*Second*, in five of the cases included in Plaintiffs' Exhibit I, although defendants appear not to have made corrective disclosures before the shareholder vote, that is because in all but one case the complaints were not filed until *after* the vote,[4] and in the one case in which a complaint was filed before the vote, the plaintiff elected not to pursue a motion for preliminary injunction.[5]  Defendants respectfully submit that these cases are not appropriately considered "failures" either, because it is evident that plaintiffs in these cases pursued post-closing remedies (*i.e.*, damages) instead of a preliminary injunction.  Moreover, four of these five cases are ongoing, and thus it is yet to be determined whether they will succeed or fail (or settle).[6]

---

[1]     Defendants note that Plaintiffs' Exhibit I, which purports to be the list of transactions in which defendants did not make any corrective disclosures, includes 29 transactions, not 27.

[2]     For the Court's convenience, the following analysis, and the documents supporting it, are summarized in Annex A, attached hereto.

[3]     These cases involved A. Schulman, Inc.; Bob Evans Farms, Inc.; Calgon Carbon Corporation; Chicago Bridge & Iron Company, N.V.; DigitalGlobe, Inc.; Energy Transfer Partners, L.P.; Genvec, Inc.; GGP, Inc.; Harman International Industries, Inc.; IXYS Corporation; Moneygram International; Pepper Snapple Group, Inc.; Stone Energy Corporation; Supervalu Inc.; and U.S. Geothermal Inc.

[4]     These cases involved Almost Family, Inc.; Columbia Pipeline Group, Inc.; Lionbridge Technologies, Inc.; Mavenir Inc.; and Northern Tier Energy LP.

[5]     This case involved Almost Family, Inc.

[6]     In the one case that is not still ongoing (involving Northern Tier Energy LP.), the plaintiff voluntarily withdrew its complaint following briefing on defendants' motion to dismiss, but before that motion was decided.

*Third*, in three of the cases included in Plaintiffs' Exhibit I, the transaction at issue fell apart before a shareholder vote was held and, therefore, corrective disclosures were not necessary.[7]  Thus, the plaintiffs in these cases did not "fail" to obtain corrective disclosures.

*Finally*, in the remaining six cases, although it appears that the merger was approved by the shareholders without defendants making any corrective disclosures, the cases were each voluntarily dismissed by the plaintiff after the merger closed, without any indication from the docket that the cases were litigated at all.[8]  The fact that these case were voluntarily dismissed without litigation suggests at most that the cases were ill advised to begin with, or that the plaintiff simply concluded that those particular matters had an insufficient chance of success to warrant much effort.

Accordingly, since none of the listed cases involve plaintiffs actually litigating and losing a motion for supplemental or corrective disclosures, Defendants respectfully assert that 0% is a more accurate "failure rate" for these types of lawsuits filed in this District.

---

[7]    These cases involved BioCryst Pharmaceuticals, Inc.; Bonanza Creek Energy, Inc.; and Forestar Group, Inc.

[8]    These cases involved Albany Molecular Research Inc.; Energy XXI Gulf Coast, Inc.; Juniper Pharmaceuticals, Inc.; Nuestar Inc.; Orbotech Ltd.; and USG Corporation.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Roger A. Cooper
Mark E. McDonald
Charity E. Lee
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York NY 10006
(212) 225-2283

By: */s/ Jonathan A. Choa*
    Matthew E. Fischer
    Timothy R. Dudderar
    Jonathan A. Choa
    Jacqueline A. Rogers
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000

Dated:  December 10, 2018

6022884

*Attorneys for Kindred Healthcare, Inc., Phyllis R.
Yale, Sharad Mansukani, M.D., Benjamin A. Breier,
Joel Ackerman, Jonathan D. Blum, Paul J. Diaz,
Heyward R. Donigan, Richard Goodman,
Christopher T. Hjelm, Fred J. Kleisner, and Lynn
Simon, M.D.*